BELL v. TENNESSEE COAL, IRON & R. CO.

(Circuit Court of Appeals, Fifth Circuit. January 31, 1919.)

No. 3236.

MASTER AND SERVANT ⬤⟞217(7)—MASTER'S LIABILITY FOR DEATH OF SERVANT —FOREMAN IN CHARGE OF PLACE TO WORK.

The foreman of a section of miners, whose duty it was to make and keep the place safe for them to work, assumed the risk, and there can be no recovery for his death from the falling of rock from the roof, which was under his own superintendence, and without negligence on the part of the employer.

In Error to the District Court of the United States for the Southern Division of the Northern District of Alabama; William I. Grubb, Judge.

Action at law by G. W. Bell, administrator of the estate of T. R. Bell, deceased, against the Tennessee Coal, Iron & Railroad Company. Judgment for defendant, and plaintiff brings error. Affirmed.

Weatherly, Deedmeyer & Birch and Jere C. King, all of Birmingham, Ala., for plaintiff in error.

Percy, Benners & Burr and James Rice, all of Birmingham, Ala., for defendant in error.

Before WALKER and BATTS, Circuit Judges, and BEVERLY D. EVANS, District Judge.

BEVERLY D. EVANS, District Judge. Plaintiff's intestate was employed as hedge foreman in the mine of the defendant, and was killed by the falling of ore from the roof of the mine, while he was engaged in the work of his employment. The action is brought under the Employers' Liability Act of the state of Alabama (Code 1907, § 3910). The death of plaintiff's intestate was attributed in the several counts to a defect in the ways, works, machinery, or plant of the defendant, and to the negligence of the superintendent of the mine, the mine captain, and the barman in allowing the ore to fall from the roof of the mine on plaintiff's intestate, inflicting a mortal injury. The court gave a peremptory instruction to the jury, that if they believed the evidence to return a verdict for the defendant.

The evidence disclosed that the defendant company was engaged in mining iron ore. Plaintiff's intestate was a section foreman, having under his supervision a crew of men whose business was to mine the ore. He was in charge of the upset or heading of the mine where he was killed. The workmen under his control consisted of muckers, shakers, a drillman, and a barman. If in the mining operations there should be a rock which could not be dislodged by the barman with his bar of iron, it was his duty to get the advice of the foreman, plaintiff's intestate. On the morning of the injury, and about 25 or 30 minutes before its occurrence, the superintendent of the mine, in company with the bank boss and mine captain, came up to this heading, and the roof was inspected by the bank boss in the presence of the

plaintiff's intestate, the foreman. After the inspection was made, and they had left, the foreman's crew began to drill the face of the rock and to tear the ore down. While engaged in pulling down the ore rock, the drillman and the barman differed as to the manner of quarrying the rock, and as to the danger of the rock's falling, and sent for the foreman. The foreman made an examination, and as he started away the rock fell on him and killed him. This, in brief, is the testimony of the eyewitness, and is not contradicted by other testimony.

The plaintiff's intestate was employed to superintend the very work in which he lost his life; he was performing work which the law, by virtue of his employment, cast upon him, viz. to provide a safe place in which employés under his immediate superintendence could work. The evidence discloses no negligence on the part of the defendant's servants, and the plaintiff's intestate met his death in consequence of the risks incident to his employment.

Judgment affirmed.